Case No. **CV 17-5433-JFW(JEMx)**          Date: August 1, 2017

Title: HSBC Bank USA, National Association -v- Srunya Werajitteevin Ponvanit, et al.

**PRESENT:**
    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

    On January 20, 2017, Plaintiff HSBC Bank USA, National Association ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendants Srunya Werajitteevin Ponvanit, Ignacia Zuniga, Celia Jimenez and Jose D. Avila in Los Angeles Superior Court. On July 24, 2017, Defendant Srunya Werajitteevin Ponvanit ("Defendant Ponvanit") filed a Notice of Removal, alleging that this Court has jurisdiction.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant Ponvanit bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    Defendant Ponvanit fails to meet her burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. While Defendant

Ponvanit alleges in her Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted). Accordingly, there is no federal question jurisdiction presented by Plaintiff's action.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Because the Defendants have abused the removal process by filing six frivolous removals, the Defendants in this action are hereby barred from filing any further notices of removal of this case without an order of this Court allowing them to do so. If any of the Defendants violate the Court's order, the Court will award sanctions in the amount of $5,000.00 against each Defendant.

IT IS SO ORDERED.